IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FREDERICK SELLERS,**
    **Plaintiff,**

v.                                                                           **CIVIL ACTION NO. 3:18-CV-3**
                                                                                 **(GROH)**

**ST. JOSEPH HOSPITAL, and**
**SALVATOR LANSANA, MD,**
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff is a federal inmate presently confined at Federal Correctional Institution, Fort Dix ("FCI Fort Dix") in Fort Dix, New Jersey, serving a 188-month sentence imposed on April 4, 2011, in the United States District Court for the District of New Jersey, following his conviction for violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine. Petitioner was previously confined at FCI Gilmer in Glenville, West Virginia. Apparently, it was during his confinement at FCI Gilmer that the events occurred which led to this civil action filed pursuant to 42 U.S.C. § 1983.

On January 9, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging in two claims that the named defendants violated his constitutional rights related to what he described as "an unnecessary hernia operation." ECF No. 1 at 8.[1]

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for

---

[1] All ECF references herein are for the instant case, 3:18-CV-3, unless otherwise noted.

judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice as to St. Joseph Hospital[2] and Salvator Lansana, M.D.

## II.     Factual and Procedural History

Plaintiff has filed a number of actions related to what appear to be the same facts. However, in the instant case Plaintiff has failed to allege any facts in support of his claims, making it difficult, if not impossible, to verify that the matter raised herein is the same matter previously considered and decided in other actions.

### A.     Plaintiff's Federal Tort Claim

On October 27, 2015, in the Northern District of West Virginia, Plaintiff filed a civil action pursuant to the Federal Tort Claims Act ("FTCA"), related to what Plaintiff there described as "an ill-advised hernia operation". 2:15-CV-79, ECF No. 1 at 3. On November 10, 2015, the Court entered an Order which notified Plaintiff that judgment under the FTCA action would, pursuant to 28 U.S.C. §§ 2674, 2676 constitute "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim." 2:15-CV-79, ECF No. 10.

On June 23, 2017, the Fourth Circuit affirmed the lower court's dismissal of the Plaintiff's unnecessary surgery claim, but remanded the matter to the District Court with directions to dismiss the claim without prejudice based on the lack of subject matter jurisdiction. 2:15-CV-79, ECF No. 49. On June 26, 2017, the District Court entered an order which explains that, "[p]ursuant to the Fourth Circuit's instructions, the plaintiff's

---

[2] The Court notes that on October 6, 2015, St. Joseph's Hospital in Buckhannon, West Virginia became part of United Hospital Center and WVU Medicine. www.wvmetronews.com/2015/10/06/st-josephs-hospital-completes-transfer-of-sponsorship-to-united-hospital-center-and-wvu-medicine

unnecessary surgery claim is hereby dismissed without prejudice, and the Clerk's Judgment is hereby amended to reflect the same." 2:15-CV-79, ECF No. 51, emphasis and internal citations omitted.

### B. Plaintiff's <u>Bivens</u> Action

On October 27, 2015, in the Northern District of West Virginia, Plaintiff filed a civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), related to what Plaintiff there also described as "an ill-advised hernia operation". 3:15-CV-121, ECF No. 1 at 7. On June 28, 2017, a Report and Recommendation was filed that recommended the <u>Bivens</u> action be dismissed without prejudice based on the prior disposition of Plaintiff's claims under the Federal Tort Claim Act. 3:15-CV-121, ECF No. 32. On October 11, 2017, the District Court entered an order which adopted the report and recommendation. 3:15-CV-121, ECF No. 35.

### C. Plaintiff's Instant § 1983 Action

On January 9, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff's complaint lists two grounds for relief but includes no supporting facts for either claim. ECF No. 1 at 6, 7. Plaintiff's first claim for relief alleges, "Deliberate indifference to plaintiff's medical needs. Violating his 8th amend[ment] right by subjecting him to cruel and unusual punishment." ECF No. 1 at 6. Plaintiff's second claim for relief alleges, "Deliberat[e] indifference to serious medical needs in violation of the 8th amend. As well as showing gross negligence." <u>Id.</u> at 7. Plaintiff claims he suffered, "Physical and emotional pain from an un[n]ecessary hernia operation." <u>Id.</u> at 8. In the relief section of the form complaint, where Plaintiff is

3

instructed to "State BRIEFLY and EXACTLY what you want the Court to do for you," he essentially repeats his claims, "Violation of my 8th Amendment right when they subjected me to cruel and unusual punishment by unnecessarily performing a hernia operation and also being deliberately indifferent by the unnecessary and wanton infliction of pain." Id. (emphasis in original).

On the same day he filed his § 1983 complaint, Plaintiff also filed a motion to proceed *in forma pauperis* and consent to collection of fees from his trust account. ECF Nos. 2, 3.

### III.  Standard of Review

#### A. Pro Se Litigant

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

4

> under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for

him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). Accordingly, in a § 1983 cause of action, the initial inquiry must focus on whether the two essential elements of such an action are present: (1) was the conduct complained of committed by a person acting under the color of state law; and (2) did that conduct deprive the complainant of their federally guaranteed rights.

To state a claim under the Eighth Amendment related to inadequate medical

6

care, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, supra, 429 U.S. at 104 – 05.

### IV.  Analysis

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  Actions permitted under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161.

Plaintiff has named as a defendant St Joseph Hospital which he claims is "state run."  However, it appears that if this claim is true, it is only true after the private St. Joseph Hospital merged with WVU Medicine on October 6, 2015.  Plaintiff's complaint fails to allege the time frame when his injury occurred.  Accordingly, this court is unable to determine whether the hospital was a private or public entity at the time Plaintiff asserts his rights were violated.  More importantly, however, Plaintiff fails to make any factual allegations against St. Joseph's Hospital.  Plaintiff has named a physician, Salvator Lansana, M.D., ("Lansana") as the second defendant in this action, however, Plaintiff likewise failed to make a single factual allegation against Lansana.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  Although Plaintiff's complaint is both short and plain, however, it fails to provide any factual allegations against either defendant.  While the pleading might be liberally construed to imply actions on behalf of the defendants, Plaintiff alleges no actions by St. Joseph's

Hospital or Lansana which support his claims, beyond listing the hospital and physician as defendants and alleging that an "unnecessary hernia operation" was performed upon him. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted, this Court recommends that this matter be dismissed without prejudice.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted. This Court further recommends that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED as MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: January 25, 2018

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDG