# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FREDERICK SELLERS,**
    **Plaintiff,**

v.          **CIVIL ACTION NO. 3:18-CV-3**
                              **(GROH)**

**ST. JOSEPH HOSPITAL, and**
**SALVATOR LANSANA, MD,**
    **Defendants.**

## AMENDED REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff is a federal inmate presently confined at Federal Correctional Institution, Fort Dix ("FCI Fort Dix") in Fort Dix, New Jersey, serving a 188-month sentence imposed on April 4, 2011, in the United States District Court for the District of New Jersey, following his conviction for violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine. Petitioner was previously confined at FCI Gilmer in Glenville, West Virginia. Apparently, it was during his confinement at FCI Gilmer that the events occurred which led to this civil action filed pursuant to 42 U.S.C. § 1983.

On January 9, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging in two claims that the named defendants violated his constitutional rights related to what he described as "an unnecessary hernia operation." ECF No. 1 at 8.[1] On January 25, 2018, the undersigned filed a Report and Recommendation which

---

[1] All ECF references herein are for the instant case, 3:18-CV-3, unless otherwise noted.

recommended that the District Court dismiss the complaint for failure to state a claim upon which relief may be granted. ECF No. 9. On February 8, 2018, Plaintiff filed a motion to amend the complaint. ECF No. 12. On February 28, 2018, the District Court entered an order declining to adopt the Report and Recommendation "[g]iven the close proximity in time between the filing of his complaint and the motion to amend and the Plaintiff's pro se status." ECF No. 13 at 2. Plaintiff filed an amended complaint on March 12, 2018. ECF No. 15.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice as to St. Joseph Hospital[2] and Salvator Lansana, M.D.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff has filed a number of actions related to what appear to be the same facts.

### A. Plaintiff's Federal Tort Claim

On October 27, 2015, in the Northern District of West Virginia, Plaintiff filed a civil action pursuant to the Federal Tort Claims Act ("FTCA"), related to what Plaintiff there described as "an ill-advised hernia operation". 2:15-CV-79, ECF No. 1 at 3. On November 10, 2015, the Court entered an Order which notified Plaintiff that judgment under the FTCA action would, pursuant to 28 U.S.C. §§ 2674, 2676 constitute "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim."

---

[2] The Court notes that on October 6, 2015, St. Joseph's Hospital in Buckhannon, West Virginia became part of United Hospital Center and WVU Medicine. www.wvmetronews.com/2015/10/06/st-josephs-hospital-completes-transfer-of-sponsorship-to-united-hospital-center-and-wvu-medicine

2:15-CV-79, ECF No. 10.  The Government filed a motion to dismiss or in the alternative motion for summary judgment and memorandum in support thereof on May 17, 2016.  2:15-CV-79, ECF Nos. 28, 29.  The Court issued a Roseboro notice on May 18, 2016.  2:15-CV-79, ECF No. 30.  Plaintiff filed a response to the motion to dismiss on June 7, 2016.  2:15-CV-79, ECF No. 34.  On February 16, 2017, the district court entered an order which adopted the Magistrate Judge's Report and Recommendation, granted the Government's motion to dismiss or for summary judgment, and dismissed the FTCA claim with prejudice.  2:15-CV-79, ECF No. 41.  Subsequently, Plaintiff filed a notice of intent to appeal. 2:15-CV-79, ECF No. 44.

On June 23, 2017, the Fourth Circuit affirmed the lower court's dismissal of the Plaintiff's unnecessary surgery claim, but remanded the matter to the District Court with directions to dismiss the claim without prejudice based on the lack of subject matter jurisdiction.  2:15-CV-79, ECF No. 49.  On June 26, 2017, the District Court entered an order which explains that, "[p]ursuant to the Fourth Circuit's instructions, the plaintiff's unnecessary surgery claim is hereby dismissed without prejudice, and the Clerk's Judgment is hereby amended to reflect the same."  2:15-CV-79, ECF No. 51, emphasis and internal citations omitted.

  B. Plaintiff's Bivens Action

On October 27, 2015, in the Northern District of West Virginia, Plaintiff filed a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), related to what Plaintiff there also described as "an ill-advised hernia operation".  3:15-CV-121, ECF No. 1 at 7.  On June 28, 2017, a Report and Recommendation was filed that recommended the Bivens action be dismissed

without prejudice based on the prior disposition of Plaintiff's claims under the Federal Tort Claim Act. 3:15-CV-121, ECF No. 32. On October 11, 2017, the District Court entered an order which adopted the Report and Recommendation. 3:15-CV-121, ECF No. 35.

### C. Plaintiff's Instant § 1983 Action

On January 9, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Plaintiff's complaint listed two grounds for relief but included no supporting facts for either claim. Id. at 6, 7. The undersigned filed a Report and Recommendation on January 25, 2018, which recommended dismissal without prejudice based on Plaintiff's failure to allege any facts to support his claims. ECF No. 9. On February 8, 2018, Plaintiff filed a motion to amend his complaint. ECF No. 12. By Order entered February 28, 2018, the District Court declined to adopt the Report and Recommendation and granted Plaintiff's motion to amend his complaint. ECF No. 13.

On March 12, 2018, Plaintiff filed a 6-page document which the undersigned deems to be his amended complaint. ECF No. 15. The document was not on a Court-approved form, nonetheless, the Court has reviewed and considered the claims contained therein. Plaintiff claims that on January 27, 2015, he suffered a "horrendous injury from an ill-advised hernia operation" performed by Salvator Lansana at St. Joseph's Hospital. Id. at 2, 3. Plaintiff claims that he now suffers from "anxiety, paranoia, and constant thoughts of what really went on when the surgeon cut me open." Id. Petitioner further claims his Eighth Amendment rights were violated when he was subjected to cruel and unusual punishment because he was "persuad[ed] [ ] to get a

4

hernia operation." Id.  Plaintiff also claims that defendants were "deliberately indifferent [to] the unnecessary and wanton infliction of pain." Id.  Plaintiff seeks $12,000,000.00 in total damages, requesting $3,000,000.00 in compensatory damages from each defendant, and $3,000,000.00 in punitive damages from each defendant, plus costs and fees.  Id. at 6.

Plaintiff paid an initial partial filing fee on June 18, 2018.  ECF No. 18.  On January 10, 2019, Plaintiff filed a motion for Defendants to respond.  ECF No. 20.

### III.  LEGAL STANDARD

#### A. Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

> the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for

him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that

7

>the person who has deprived him of that right acted under color of state or territorial law.

<u>Gomez</u>, 446 U.S. at 640.

## IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  <u>Wyatt v. Cole</u>, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  <u>Gomez</u>, 446 U.S. at 640.

Plaintiff has named St. Joseph Hospital as a defendant.  However, Plaintiff has not claimed that St. Joseph Hospital was a state actor at the time of his alleged injury, on January 27, 2015.  It appears that even if St. Joseph Hospital was a state actor, it was only true after the private St. Joseph Hospital merged with WVU Medicine on October 6, 2015.  Accordingly, the hospital was a private entity at the time Plaintiff asserts his rights were violated.  Additionally, Plaintiff fails to make any factual allegations against St. Joseph's Hospital.

Plaintiff has named a physician, Salvator Lansana, M.D., ("Lansana") as the second defendant in this action.  The allegations against Lansana are that he "was manipulative and eagerly persuasive in convincing me to get a hernia operation."  ECF No. 15 at 4.  At best, Plaintiff alleges that he was convinced and persuaded to have a surgery performed upon him; accordingly, it appears that Plaintiff agreed to have the procedure after conferring with his physician.  But more importantly in the forum of a

8

civil rights action, Plaintiff fails to demonstrate or even allege that Lansana was a state actor on January 27, 2015.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  Although Plaintiff's complaint is both short and plain, it fails to allege that either defendant was a state actor at the time Plaintiff claims to have had his civil rights violated.  Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed with prejudice.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1] and Amended Complaint [ECF No. 15] be **DISMISSED WITH PREJUDICE**, based on the failure to state a claim upon which relief can be granted.  This Court further recommends that Plaintiff's motion for defendants to respond [ECF No. 20] be **DENIED as MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to any counsel of record via electronic means.

DATED:	February 6, 2019

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE