IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FREDERICK SELLERS**,

    Plaintiff,

v.                                                                       CIVIL ACTION NO.: 3:18-CV-3
                                                                           (GROH)

**ST. JOSEPH HOSPITAL and
SALVATOR LANSANA, MD**,

    Defendants.

## ORDER ADOPTING IN PART AMENDED REPORT AND RECOMMENDATION

Pending before the Court is the Amended Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 21. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his Amended R&R on February 6, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] and Amended Complaint [ECF No. 15] be denied and dismissed with prejudice.

### I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

On January 9, 2018, the Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, the Plaintiff asserted two claims alleging his eighth

amendment rights were violated when he was subjected to an "unnecessary hernia operation." ECF No. 1 at 8. On January 25, 2018, Magistrate Judge Trumble issued his R&R recommending the Plaintiff's complaint be dismissed without prejudice based on the Plaintiff's failure to allege any facts to support his claims. ECF No. 9. On February 8, 2018, the Plaintiff filed a motion to amend his complaint. ECF No. 12. On February 28, 2018, the Court entered an Order declining to adopt the R&R and granting the Plaintiff's motion to amend his complaint. ECF No. 13. On March 12, 2018, the Plaintiff filed his amended complaint. ECF No. 15. In the Plaintiff's amended complaint, he alleges he was subjected to an unnecessary hernia operation. He further alleges that another inmate was supposed to receive the surgery, but he was taken to receive the surgery by mistake.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp.

2

2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Plaintiff on February 11, 2019. ECF No. 22. The Plaintiff filed his objections on February 27, 2019. ECF No. 23. Accordingly, this Court will review the Plaintiff's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends dismissing the complaint because the Plaintiff has failed to state a claim upon which relief can be granted. Specifically,

3

Magistrate Judge Trumble found that the Plaintiff failed to demonstrate or even allege that either Defendant was a state actor at the time the Plaintiff claims to have had his civil rights violated. Magistrate Judge Trumble further found the Plaintiff has failed to make any factual allegations against Defendant St. Jospeh's Hospital. Moreover, based on Plaintiff's allegations, he agreed to have the procedure after conferring with Defendant Salvator Lansana, M.D. Therefore, "[a]t best, Plaintiff alleges that he was convinced and persuaded to have a surgery performed upon him." ECF No. 21.

In the Plaintiff's objections, he relies on Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994) to argue that conduct by the Defendants constitutes state action. The Plaintiff argues that "Salvator Lansana who's employed by the other Defendant St. Joseph Hospital are both private entities positioned to serve the public." ECF No. 23 at 3. The Plaintiff further asserts that "[b]oth Defendants as private actors serve as a tool to and essential need to the local community and the surrounding areas." Id.

The Plaintiff has failed to state a claim against St. Joseph's Hospital. In a § 1983 suit, a private corporation is not vicariously liable for the acts of its employees unless the plaintiff can show that the corporation had a policy or custom that the employee acted pursuant to and that caused deprivation of his rights. McIlwain v. Prince William Hosp., 774 F. Supp. 986, 990 (E.D. Va. 1991). The Plaintiff has brought this suit against St. Joseph's Hospital because that is where Salvator Lansana, M.D. is allegedly employed and where the surgery took place. The Plaintiff has not set forth any factual allegations that St. Joseph's Hospital caused a deprivation of his rights or that Salvator Lansana, M.D. acted pursuant to a policy or custom of the hospital. Accordingly, the Plaintiff does not have a § 1983 claim against St. Joseph's Hospital.

4

The Plaintiff has also failed to state a claim against Salvator Lansana, M.D. In Conner, the Fourth Circuit held that

> [e]ven where a physician does not have a contractual relationship with the state, the physician can treat a prisoner only with the state's authorization. If a physician treating a prisoner-whether by contract or by referral-misuses his power by demonstrating deliberate indifference to the prisoner's serious medical needs, the prisoner suffers a deprivation under color of state law. The source of the deprivation does not change because the physician has no contractual relationship with the state: the physician acts under color of state law because the state has incarcerated the prisoner and denied him the possibility of obtaining adequate medical care on his own.

42 F.3d at 225. Salvator Lansana, M.D. treated the Plaintiff, a prisoner, for a hernia. If Salvator Lansana, M.D., as the Plaintiff has alleged, abused his power by demonstrating deliberate indifference to the Plaintiff's serious medical needs, then the Plaintiff has suffered deprivation under color of state law.

The Plaintiff essentially alleges that on January 27, 2015, he was mistakenly taken to St. Joseph's Hospital to receive a hernia operation. Upon arriving at the hospital, the Plaintiff was introduced to Salvator Lansana, M.D. The officers who transported the Plaintiff informed the Doctor that they brought the wrong inmate and the Plaintiff confirmed. After receiving this information the doctor assessed the Plaintiff's current condition. The doctor determined the Plaintiff did have a hernia and after discussing the procedure with the doctor the Plaintiff consented to the surgery. Regardless of any erroneous entry made in the Plaintiff's medical records, the Plaintiff went to St. Joseph's Hospital, consulted with Salvator Lansana, M.D. and consented to the surgery. The Plaintiff has failed to allege facts sufficient to show that Salvator Lansana, M.D. demonstrated deliberate indifference to his serious medical needs. Accordingly, Plaintiff's

objections to the R&R, inasmuch as he objects to his failure to state a claim, are **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Plaintiff's objections, it is the opinion of this Court that Magistrate Judge Trumble's Amended Report and Recommendation [ECF No. 21] should be, and is hereby, **ORDERED ADOPTED IN PART**.  The Plaintiff's complaint [ECF No. 1] and amended complaint [ECF No. 15] are **DENIED** and **DISMISSED WITH PREJUDICE**.  Further, the Plaintiff's Motion for Defendants to Respond [ECF No. 20] is **DENIED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** May 14, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE